

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3164
Re: "Distributor's bond", whether
it may also satisfy purpose
of "user's permit bond."

Your letter of August 13, 1941, submits the following facts and question for our opinion, towit:

"The Deep Oil Development Company, of Wichita Falls, Texas, has on deposit in this department $200.00 in cash representing bond for 'User's Permit.' The same concern has a "Distributor's Bond" in the amount of $1,000.00. It now makes application to this department to file a Distributor's Bond in the amount of $1200.00 and to withdraw the $200.00 cash on deposit for a User's Permit Bond. By doing so the Deep Oil Development Company could effect considerable saving in the bond premium.

"I shall thank you to advise this department whether it is permissible to allow the Deep Oil Development Company to file a Distributor's Bond in the amount of $1200.00 to cover the Distributor's Bond and the User's Permit Bond."

Art. 17 of H. B. 8, 47th Leg., is now Art. 7065b, Sections 1 to 28, Vernon's Annotated Civil Statutes. Sec. 1(a) defines "motor fuel", and it is different from "liquefied gases" and "other liquid fuels" defined in Sec. 1(b) and 1(c), respectively. The "distributor", defined in Sec. 1(f), handles motor fuel, while the "user", defined in Sec. 1(g), is one who uses liquefied gases and other liquid fuels in internal combustion engines on the highways. A tax of four cents per gallon is levied by Sec. 2(a) upon the first sale, distribution or use

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

73

of "motor fuel", and the distributor is required in Sec. 3(a) to collect the tax and remit the same to the State. In Sec. 7(a) the distributor is required to file a bond in the sum of not less than $1,000. nor more than $25,000. to be approved by the Comptroller. It is conditioned upon the distributor's performing the duties cast upon him by the Act, including the remittance to the State of the taxes which he is required to collect.

Sec. 14(a) levies a tax of four cents per gallon on users of "liquefied gases" and eight cents per gallon on users of "other liquid fuels", and to become a "user" one must apply for and receive a permit from the Comptroller. In Sec. 14(b), this user is required to file a bond of $100. for each vehicle to be used. Its conditions are that such person will perform his duties as a user, including payment of the tax thus levied against him.

A distributor's bond, whatever its penal amount, conditioned only as provided in Sec. 7(a), plainly would not be answerable for the tax on liquefied gases and other liquid fuels levied by Sec. 14(a). For, a bond is only a contract and recovery cannot be had thereon for things outside its terms and conditions. Trent v. Rhomberg, 18 S. W. 610; Williams v. Ft. Worth, etc., Ry. Co., 18 S.W. 206; Linn Bros. Motor Co. v. Williams, 293 S.W. 658. The principle is recognized, of course, that a statutory bond will be read in the light of the statute under which it is filed, but the conditions of a user's bond manifestly could not be read into a distributor's bond.

As your question is asked, it is answered in the negative. We do not understand that the $1800. bond in question contains all the conditions and obligations of both the distributor's and user's bond, in which event it may be that our answer would not be applicable.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APROVEDAUG 21, 1941

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

GRL:AMM

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN